People v Mejia (2026 NY Slip Op 50142(U))

[*1]

People v Mejia (Arnold)

2026 NY Slip Op 50142(U)

Decided on February 11, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570020/21

The People of the State of New York, Respondent,
againstArnold Mejia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Frances Y. Wang, J., on motion to dismiss; Margaret W. Martin, J., at plea and sentencing), rendered December 12, 2019, convicting him, upon his plea of guilty, of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Frances Y. Wang, J., on motion to dismiss; Margaret W. Martin, J., at plea and sentencing), rendered December 12, 2019, affirmed.
The court properly denied defendant's motion to dismiss. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). The record supports the court's determination that the IDTU officer's decision not to offer physical coordination tests to defendant, a DWI suspect, was based solely on defendant's inability to understand English, not defendant's ethnicity, race and/or national origin.
We also find unavailing defendant's equal protection challenge to the Police Department's policy of administering both breathalyzer and physical coordination tests to English-speaking DWI suspects, while offering only the breathalyzer test to non-English speakers such as defendant. A similar constitutional challenge was rejected by the Court of Appeals in People v Aviles (28 NY3d 497 [2016]). Coordination tests require "specific clarity in instruction and interaction," and the NYPD policy "rationally furthers the goals of avoiding delayed or erroneous results due to a language barrier" (People v Aviles, 28 NY3d at 504; see People Salazar, 112 AD3d 5 [2013], lv denied 22 NY3d 1090 [2014] [Police department's practice of offering both breathalyzer and physical coordination tests to English-speaking DWI suspects while offering only the breathalyzer test to non-English speakers was rationally related to ensuring the reliability of physical coordination tests; and, thus, did not violate the equal protection clauses of state and federal constitutions]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: February 11, 2026